## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARIO R. MONROY VILLALTA, | ) | Case No. 4:25-cv-01594 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Amanda M. Knapp |
| JERRY GREENE, Warden, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

### OPINION AND ORDER

Petitioner Mario R. Monroy Villalta, a Guatemalan citizen illegally present in the United States and in custody without bond pending removal proceedings, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court **DISMISSES** the petition for a writ of habeas corpus **WITHOUT PREJUDICE**. Further, the Court **GRANTS** a certificate of appealability.

### STATEMENT OF FACTS

According to Petitioner, Mr. Monroy Villalta crossed the border into the United States for the first time in August 2021 and, ever since, lived with his stepmother, who is a lawful permanent resident, in Cleveland, Ohio. (ECF No. 1, ¶¶ 19 & 21, PageID #5–6.) On May 19, 2025, Mr. Monroy Villalta petitioned for asylum. (*Id.*, ¶ 21, PageID #6.) On May 24, 2025, agents with Immigration and Customs Enforcement arrested Mr. Monroy Villalta. (*Id.*, ¶ 23, PageID #6.) Mr. Monroy Villalta is currently detained at the Mahoning County jail. (*Id.*, ¶¶ 1 & 23, PageID #1 & #6–7.)

On June 26, 2025, an Immigration Judge held a bond hearing. (*Id.*, ¶ 25, PageID #7.) Before the hearing, the Immigration Judge told Mr. Monroy Villalta's counsel that the Department of Homeland Security wanted to provide notice that DHS would file an order for expedited removal before the hearing. (*Id.*, ¶ 25, PageID #7–8.) When the Immigration Judge went back on the record after a short break, he informed Mr. Monroy Villalta's counsel that DHS filed an expedited removal order, depriving the Immigration Court of jurisdiction to hear his request for bond. (*Id.*)

On July 1, 2025, Mr. Monroy Villalta filed a petition for a writ of habeas corpus challenging his placement in removal proceedings and DHS's communications with the Immigration Court. *See Monroy Villalta v. Bondi*, No. 4:25-cv-01389, ECF No. 1 (N.D. Ohio). On July 10, 2025, an assistant United States attorney contacted Mr. Monroy Villalta's counsel, informing her that if her "client is agreeable to withdrawing his habeas petition, ICE will agree to convert [her] client's current expedited removal proceedings to 240 removal proceedings." (ECF No. 1, ¶ 33, PageID #10; ECF No. 2-1, PageID #54.) Mr. Monroy Villalta's counsel responded that, once the United States filed the new charging document, they would withdraw the habeas petition. (ECF No. 1, ¶ 33, PageID #10; ECF No. 2-1, PageID #53.) After counsel for the United States advised that a new charging document was issued, Mr. Monroy Villalta's counsel moved to dismiss the habeas petition, which the Court granted on July 14, 2025. (ECF No. 1, ¶¶ 34–36, PageID #10; *see also See Monroy Villalta v. Bondi*, No. 4:25-cv-01389, ECF No. 10 (N.D. Ohio July 14, 2025.)

On July 24, 2025, the Immigration Court held a bond hearing.  (ECF No. 1, ¶ 39, PageID #11–12.)  The Immigration Court denied Mr. Monroy Villalta's request for bond, determining that he was an "applicant for admission" and that the Immigration Court did not have jurisdiction to redetermine his bond.  (*Id.*)  It did so based on *Matter of Q. Li*, 26 I&N Dec. 66 (BIA 2025).  (ECF No. 2-2, PageID #57.)  Therefore, the Immigration Court determined that Mr. Monroy Villalta was detained under Section 235(b) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b).  (*Id.*)  The decision indicated that it was final "unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision."  (ECF No. 2-2, PageID #55.)

## STATEMENT OF THE CASE

On July 31, 2025, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner alleges that his detention violates:  (1) the Due Process Clause of the Fifth Amendment; and (2) 8 U.S.C. § 1225(b) and 28 C.F.R. § 68.36.  (*Id.*, ¶¶ 63–72, PageID #19–20.)  Specifically, he contends that he has been "detained without any option to argue against the unlawful 'mandatory' detention" under 8 U.S.C. § 1225(b).  (*Id.*, ¶ 64, PageID #19.)  Further, Petitioner asserts that he has "affirmatively shown that he has been in the United States for over two years prior to the date of the determination of inadmissibility" and that he "should have been able to challenge his detention without losing that right" based on alleged *ex parte* communications with the Immigration Court.  (*Id.*, ¶¶ 70–71, PageID #20.)  Also, he claims that, when it denied his request for bond, the

3

Immigration Court improperly relied on *Matter of Q. Li*, 26 I&N Dec. 66 (BIA 2025). (*Id.*, ¶ 58, PageID #18.)

## ANALYSIS

Under 28 U.S.C. § 2243, a court shall forthwith issue a writ or order the respondent to show cause why a writ should not issue, "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.  This statute requires an initial screening of a petition.  *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  At this stage of the proceedings, a court accepts as true the allegations in the petition and construes them in favor of the petitioner.  *Id.*  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 through Rule 1(b)).

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the [habeas] petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."  *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted).  In *Leonardo*, the petitioner pursued habeas review of the Immigration Court's adverse bond determination before he appealed to the Board of Immigration Appeals.  *Id.*  The Ninth Circuit determined that filing a habeas petition in federal district court was "improper" because the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district

court to review the IJ's decision." *Id.* (citing *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003)).  The Sixth Circuit has endorsed this procedure for challenging bond determinations, albeit in a short, unpublished order.  *See Rabi v. Sessions*, No. 19-3249, 2018 U.S. App. LEXIS 19661, at *1–2 (6th Cir. July 16, 2018) (citing *Leonardo*, 646 F.3d at 1160).

In this case, the Immigration Judge's decision on July 24, 2025 indicated that Petitioner could file an appeal "with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision." (ECF No. 2-2, PageID #55.)  As in *Leonardo*, prudential principles of exhaustion counsel that Petitioner pursue his administrative remedies before seeking a writ of habeas corpus. In the petition, count two alleges violation of 8 U.S.C. §§ 1225(b) and 1226(a) and their implementing regulations, including alleged *ex parte* communications.  (ECF No. 1, ¶¶ 69–72, PageID #20.)  Though count one is styled as a Fifth Amendment due process claim, it too presents claims about the statute and its associated procedures. Specifically, Petitioner challenges his "unlawful 'mandatory' detention" based on the Immigration Judge's interpretation of 8 U.S.C. §§ 1225(b) and 1226(a).  (*Id.*, ¶ 64, PageID #19.)  He seeks review of "the unlawful actions taken by DHS which have resulted in Petitioner's unmerited supposedly mandatory detention."  (*Id.*, ¶ 40, PageID #12.)  In other words, any determination regarding detention here turns on interpretation and application of the governing removal regime.  In the first instance, such review should proceed before the Board of Immigration Appeals to "apply its experience and expertise without judicial interference."  *Khalili v. Holder*, 557 F.3d

429, 435 (6th Cir. 2009) (abrogated on other grounds); *see also Rojas-Garcia v. Ashcroft*, 39 F.3d 814, 819 (9th Cir. 2003) (acknowledging that a "petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal").

For these reasons, the Court determines that Petitioner should pursue this matter before the Board of Immigration Appeals.  Because the petition makes no mention of a stay and does not demonstrate grounds for excusing exhaustion, the Court instead **DISMISSES** the petition **WITHOUT PREJUDICE**.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding.  28 U.S.C. § 2253(c)(1).  Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect.  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Because of an absence of controlling precedent in this Circuit on the proper procedure on the facts and circumstances presented, the Court acknowledges that reasonable jurors may disagree with application of prudential exhaustion.  For these reasons, the Court **GRANTS** a certificate of appealability on count one of the petition.

6

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the petition for a writ of habeas corpus **WITHOUT PREJUDICE**.  Further, the Court **GRANTS** a certificate of appealability on count one of the petition.

**SO ORDERED.**

Dated:  August 5, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

7